PER CURIAM.
Jimmy H. Baker, as acting finance director for the State of Alabama, and Robert Chil-dree, as comptroller for the State of Alabama (hereinafter referred to collectively as the “State”), petitioned for a writ of quo warran-to, seeking to have James H. (“Jimmy”) Evans excluded from appointment as a supernumerary district attorney for the Fifteenth Judicial Circuit. The State argued that, pursuant to Ala.Code 1975, § 12-17-213(b), a person is qualified to be appointed as a supernumerary district attorney only if he or she is a sitting district attorney of a judicial circuit at the time of the appointment and that Evans did not meet this requirement. Evans counter-petitioned for a writ of mandamus to compel the State to pay him past and future compensation as a supernumerary district attorney. The trial court denied the State’s petition and granted Evans’s petition. The State appeals.
Evans served 18 years as district attorney for the Fifteenth Judicial Circuit before being elected to a term as attorney general of Alabama; he received his commission as attorney general on January 14, 1991. Evans was serving as attorney general when he submitted his statutory declaration and documentary exhibits to Governor Jim Folsom, Jr., for appointment as a supernumerary district attorney, pursuant to § 12-17-213(b). Governor Folsom issued the appointment to Evans on January 16, 1995. Evans has not yet reached the age of 60 years.
The State argues that Evans is not qualified under § 12-17-213(b) for appointment to the office of supernumerary district attorney. That section reads in part:
“§ 12-17-213. Qualifications for supernumerary status — Sixty years of age and 18 years of service as district attorney, judge, county solicitor, etc., with minimum of 10 years as district attorney; 18 years of service as district attorney, judge, county solicitor, etc., with minimum of 15% years service as district attorney.
“(a)....
“(b) Any district attorney of a judicial circuit who has served 18 years as circuit district attorney may elect to become a supernumerary district attorney by filing a written declaration to that effect with the Governor, and only two and one-half years served as judge of a court of record, a county court, county solicitor, a full-time deputy or assistant district attorney or as a duly licensed attorney employed full-time by the State of Alabama, whether commissioned or appointed or as an elected constitutional officer or other state official, may be counted as time served toward accumulating the above required 18 years.”
(Emphasis added.)
The State emphasizes that § 12-17-213(b) requires that an applicant for a supernumerary office be a “district attorney of a judicial circuit,” and the State argues that this lan *423 guage means that the applicant must he an active district attorney at the time he or she seeks the appointment. The State concludes that, because Evans was a former district attorney of a judicial circuit when he sought the supernumerary appointment, he is not qualified for the appointment.
Section 12-17-213(b) is one of a series of statutes in Title 12, Chapter 17, Article 6, Division 2, concerning the qualifications an applicant for the office of supernumerary district attorney must meet. The statutes set out variations in the requirements, based on the applicant’s age, years of service, and circumstances. Most of the statutes specifically require that the applicant be an active district attorney when he or she applies for the supernumerary office. See § 12-17-210(a)(2), § 12-17-210(b), § 12-17-211; and § 12-17-212. In contrast, § 12-17-213(b) does not on its face require that the applicant be holding the office of district attorney when he or she applies for the supernumerary position.
Moreover, § 12-17-213(b) is the only statute in this division that allows an applicant to apply two and one-half years of service in other state offices, such as the office of attorney general, in tallying the 18 years of service necessary to qualify for the office of supernumerary district attorney. As is indicated in the statute’s descriptive heading, the qualifications for an appointment as a supernumerary district attorney under subsection (b) are “18 years of service as district attorney, judge, county solicitor, etc., with minimum of 15% years service as district attorney” (emphasis added). This indicates that a district attorney is qualified to apply for the supernumerary office at any point after accumulating a minimum of (1) 18 years of service as a district attorney, or (2) at least 15½ years of service as a district attorney and 2½ years of service in other state offices, as allowed by the statute, before the period of service ends. The statute therefore provides for the circumstance where a party is a former district attorney, serving in another state office as provided by the statute, at the time that he or she applies for the appointment to the office of supernumerary district attorney.
The record shows that § 12-17-213(b) has been applied in such a circumstance as Evans’s in the past. W.M. Moebes, formerly district attorney for the Eighth Judicial Circuit, applied for an appointment to the office of supernumerary district attorney in the late 1980’s. The State admits that when Moebes applied for the appointment pursuant to § 12-17-213(b), he was a former district attorney under the age of 60, working as an attorney for the Alabama Public Service Commission, “presumably as an assistant attorney general.” Although he was not an active district attorney when he applied, Moebes was duly appointed to the office of supernumerary district attorney in 1989, specifically pursuant to § 12-17-213(b) and without protest from the State.
Although Evans had already accumulated 18 years of service as a district attorney . before taking office as attorney general, § 12-7-213(b) would allow him to apply up to 2½ years of his service as attorney general as part of the 18 years of service that would qualify him for the supernumerary office under § 12-17-213(b). Therefore, Evans could include a portion of his service as attorney general as part of his 18-year minimum, and apply for the appointment while still in office as attorney general.
Based on the foregoing, we conclude that the trial court properly entered the summary judgment. That judgment is affirmed. Given that holding, the State’s argument concerning the trial court’s granting of Evans’s writ of mandamus ordering the State to pay Evans as a supernumerary district attorney is moot.
AFFIRMED.
MADDOX and BUTTS, JJ., concur specially.
ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur in the result.
HOOPER, C.J., dissents.